# UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re | : | Chapter 13 |
| | : | |
| TIMOTHY PAUL MUMMAW, | : | Bankruptcy No. 07-14964DWS |
| | : | |
| Debtor. | : | |

# ORDER

**AND NOW**, this 18th day of September 2007, Debtor having filed a voluntary petition in bankruptcy under chapter 13 on August 29, 2007;

**And** Debtor having failed to file a certificate evidencing prepetition credit counseling, which is an eligibility requirement for bankruptcy relief pursuant to 11 U.S.C. § 109(h)(1) ("an individual may not be a debtor . . . unless such individual has, during the 180-day period preceding the date of filing of the petition by such individual, received from an approved nonprofit budget and credit counseling agency . . . an individual or group briefing (including a briefing conducted by telephone or on the Internet) that outlined the opportunities for available credit counseling and assisted such individual in performing a related budget analysis."). Thus, the credit counseling requirement should be met before the individual files a voluntary bankruptcy petition;[1]

---

[1] 11 U.S.C. § 109(h)(3)(A) permits a debtor to obtain credit counseling after his/her bankruptcy case commenced, but only in very limited circumstances, i.e., a debtor must certify: (1) that he/she sought credit counseling prior to the filing of the petition; (2) such counseling was not available within five days beginning from the date the debtor made the request; and (3) the debtor needed to file his/her petition for valid, emergency reasons and thus could not wait for

(continued...)

**And** Debtor having filed Exhibit D - Statement of Compliance with Credit Counseling Requirement asserting that he in fact attended counseling prepetition, but did not have the certificate from the agency that provided the counseling;

**And** Debtor subsequently filing a certificate of credit counseling that is inconsistent with Exhibit D in that it indicates he received the requisite counseling over the telephone on September 17, 2007, i.e after the petition date, which does not meet the requirements of § 109(h);

It is hereby **ORDERED** that a hearing shall be held on **October 2, 2007 at 9:30 a.m.** in Courtroom #3, Robert N.C. Nix, Sr. Courthouse, second floor, 900 Market Street, Philadelphia, PA 19107. Debtor shall be present and provide sworn testimony as to the circumstances surrounding his credit counseling and the reason for the inconsistency between his statement on Exhibit D and the date of the certificate. The need for a hearing may be obviated by Debtor filing a certificate evidencing that he in fact obtained the credit counseling before filing the petition.

_[signature: Diane W. Sigmund]_

DIANE WEISS SIGMUND
Chief U.S. Bankruptcy Judge

---

[1](...continued)
such counseling to take place. No such certification has been filed here.